Filed 8/18/21  In re Destiny V. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re DESTINY V., a Person Coming Under the Juvenile Court Law. | B308299 |
| | (Los Angeles County Super. Ct. No. 20CCJP04335A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. DAVID V. Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Nichelle Blackwell, Judge Pro Tempore.  Affirmed.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Stephanie Jo Reagan, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

David V. (Father) appeals from the dispositional orders of the juvenile court with respect to his daughter, Destiny V. He also challenges one of the court's jurisdictional findings. We decline to address Father's challenge to the jurisdictional finding, conclude his appeal of the placement order for Destiny V. is moot, and affirm the order requiring him to undergo a drug treatment program.

## FACTUAL AND PROCEDURAL BACKGROUND

Destiny V. is the daughter of Father and Norma B. (Mother). In a first amended petition, the Department of Children and Family Services alleged that Destiny V. came within the jurisdiction of the juvenile court under Welfare and Institutions Code[1] section 300, subdivisions (b) (failure to protect) and (j) (sibling abuse). As to Mother, the petition alleged Mother's substance abuse and mental and emotional health problems rendered her incapable of providing regular care and supervision to Destiny V., subjecting her to risk of physical harm (counts b-1 and b-2), and several of Mother's other children had been abused or neglected (count j-1). As to Father, the petition alleged his substance abuse rendered him incapable of providing regular care and supervision to Destiny V., placing her at risk of harm (count b-3).

At adjudication, the juvenile court sustained all four allegations of the petition and declared Destiny V. to be a dependent child of the juvenile court. The juvenile court removed Destiny V. from Mother's custody, declined to place her with

---

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

Father, and ordered the parents to undergo a variety of programs and services.

Father appeals. On April 20, 2021, while the appeal was pending, the juvenile court found both parents' progress in alleviating the conditions necessitating out of home placement had been substantial and it released Destiny V. to her parents. On June 4, 2021, we asked the parties to submit letter briefs addressing whether Father's appeal should be dismissed as moot in light of this subsequent order. The court has read and considered the parties' submissions.[2]

## DISCUSSION

I.     **Appeal of Jurisdictional Finding**

Father contends the true finding on the allegation under section 300, subdivision (b) that his substance abuse rendered him incapable of providing regular care and supervision to Destiny V. was not supported by substantial evidence. Destiny V., however, was also found to be a dependent of the juvenile court on the basis of three other true jurisdictional findings under section 300, subdivisions (b) and (j), and those findings have not been challenged on appeal. Because the juvenile court's other uncontested findings offer an independent basis for affirming the exercise of jurisdiction over the child, we need not consider Father's challenges to the sufficiency of the evidence to support one allegation under section 300, subdivision (b). (*In re J.L.* (2014) 226 Cal.App.4th 1429, 1435 [reviewing court "need not

---

[2]     Father also moved to augment the record on appeal with clearer copies of two of the exhibits presented at adjudication. We grant the motion to augment the record.

consider" whether evidence is sufficient to support additional grounds for jurisdiction once one ground is established on appeal]; *In re Ashley B.* (2011) 202 Cal.App.4th 968, 979 ["As long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate"]; *In re I.A.* (2011) 201 Cal.App.4th 1484, 1492 [because a minor is a dependent if the action of either parent brings the minor within a statutory definition of a dependent, "an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found to be supported by the evidence"]; *In re Dirk S.* (1993) 14 Cal.App.4th 1037, 1045 [single basis for jurisdiction is sufficient to uphold juvenile court's order]; *In re Jonathan B.* (1992) 5 Cal.App.4th 873, 875 [when one jurisdictional finding is supported by substantial evidence, appellate court need not consider sufficiency of evidence to support other findings].)

Father acknowledges that Destiny V. will remain a dependent child of the court regardless of any determination made on this particular finding, but he contends that this court should review it nonetheless because it continues to affect him in the ongoing dependency case.  Specifically, he argues that he must still attend an October 2021 review hearing, and "[i]f the court later concludes father did not make sufficient progress during the current review period, the improper jurisdictional finding will continue to adversely affect father in these proceedings."  General allegations that the findings could impact future court orders in an unspecified manner are insufficient; the parent must identify particular legal or practical consequences arising from the dependency findings.  (*In re I.A.*, *supra*, 201 Cal.App.4th at pp. 1493–1494.)

4

Father also asserts the jurisdictional finding should be reviewed because it led to the dispositional order requiring him to participate in a full drug program with aftercare. Regardless of the finding, however, Father could be ordered to participate in drug treatment based on the evidence submitted to the juvenile court of his substance abuse history and positive and missed drug tests. The court is not limited to the content of the sustained petition when it fashions dispositional orders. (*In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1006–1008; *In re Rodger H.* (1991) 228 Cal.App.3d 1174, 1183.)

Father argues that the allegedly erroneous jurisdictional finding also "could adversely affect him even outside of this dependency case." Specifically, he contends that the unchallenged findings could result in his inclusion in the Child Abuse Central Index (CACI), potentially resulting in Father being stigmatized in future employment endeavors. Father's concern is misplaced. Father was found to have been unable to supervise and to provide regular care to Destiny V. due to his substance abuse problems; no physical injury to Destiny V. was alleged. This constitutes general neglect for purposes of CACI: Penal Code section 11165.2, subdivision (b) defines general neglect as "the negligent failure of a person having the care and custody of a child to provide adequate food, clothing, shelter, medical care, or supervision where no physical injury to the child has occurred." Substantiated findings of general neglect are expressly *excluded* from those which must be reported for potential inclusion in CACI; only findings of "child abuse or

5

severe neglect" are subject to CACI reporting obligation.[3]  (Pen. Code, § 11169, subd. (a).)  Because the failure to protect and supervise at issue here constitutes general neglect and does not reasonably fall within the definition of severe neglect, Father is not at risk of inclusion in CACI.  Accordingly, he has not demonstrated prejudice sufficient to warrant a discretionary review of one of the jurisdictional findings under section 300, subdivision (b).  (See, e.g., *In re Drake M.* (2012) 211 Cal.App.4th 754, 763.)

Father also urges this court to exercise its discretion to review the finding against him because the California Supreme Court has granted review in a case as to (1) whether an appeal of a jurisdictional finding is moot when the parent asserts that he or she has been or will be stigmatized by the finding; and (2) whether an appeal of a juvenile court's jurisdictional finding is moot when the parent asserts that he or she may be barred from challenging placement in CACI as a result of the finding.  (*In re D.P.* (Feb. 10, 2021, B301135) [nonpub. opn.], review granted May 26, 2021, S267429.)  This argument is unpersuasive.  The only potential stigma asserted by Father is that he could be stigmatized for the purposes of future employment if he were

---

[3]     " 'Severe neglect' means the negligent failure of a person having the care or custody of a child to protect the child from severe malnutrition or medically diagnosed nonorganic failure to thrive.  'Severe neglect' also means those situations of neglect where any person having the care or custody of a child willfully causes or permits the person or health of the child to be placed in a situation such that his or her person or health is endangered . . . including the intentional failure to provide adequate food, clothing, shelter, or medical care."  (Pen. Code, § 11165.2, subd. (a).)

included in CACI. As noted above, general neglect such as Father's conduct here is expressly excluded from the CACI reporting requirement. As Father's conduct is not subject to reporting to CACI, he is neither at risk of inclusion in CACI nor of experiencing a subsequent CACI-related stigma. Neither issue raised by the case pending in the California Supreme Court is presented here.

Father's final argument is that we should review the jurisdictional finding even if the issue is moot because it would allow this court to address the legal issue of the appropriate standard to apply when evaluating allegations of substance abuse. However, this would be a purely academic exercise without any identifiable impact on the parties. Because Father has not established any actual or threatened prejudice from the jurisdictional finding he seeks to challenge, we decline to exercise our jurisdiction to review it. (*In re I.A.*, *supra*, 201 Cal.App.4th at pp. 1491–1495.)

## II.    **Appeal of Placement Ruling**

In incompatible but similar arguments, Father contends both that Destiny V. was improperly removed from his custody under section 361 and that the court erroneously declined his request to place her with him. Although the court made a stray remark at disposition about removing Destiny V. from both parents, the record demonstrates that she was removed from Mother's physical custody and that the court declined to place her with Father, the noncustodial parent. This is consistent with section 361, which concerns removal of a child from the physical custody of a parent, and section 361.3, subdivision (a), which addresses whether to place a child who is ordered removed under section 361 with a parent with whom the child was not living at

7

the time of the events that subjected the child to dependency court jurisdiction.

Father's challenge to Destiny V.'s placement orders is moot in light of the subsequent order placing her home with parents. "[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.)  Father argues effective relief remains available because if DCFS were to file a supplemental petition the future, and if Destiny V. were removed from his custody at that time, he likely would be given less time for reunification services because of the dispositional order here.  This argument is highly speculative.  Because the suitable placement order has been superseded by the home of parents order, there is no further effective relief to provide to Father.  The challenge to the dispositional order on placement is moot.

Father argues that even if the issue is moot, this court should nonetheless address it because it presents the important legal question, likely to recur between these parties or others (see *In re J.A.* (2020) 47 Cal.App.5th 1036, 1051), of whether a juvenile court must consider the exercise of jurisdiction itself as a reasonable alternative to a child's removal from the home.  As Destiny V. was not removed from Father's custody, but was only removed from her non-appealing mother's custody, that question is not presented by Father's appeal.

III. **Appeal of Drug Treatment Order**

Father contends the order requiring him to participate in a drug program necessarily must be reversed because the jurisdictional finding concerning his substance abuse must be reversed.  As we do not reverse the jurisdictional finding, this

8

argument has no merit.  Moreover, Father initially refused to drug test, then had one positive test for methamphetamine and two missed tests.  He also seemed to be under the influence when a social worker interviewed him while he was at work.  Based on this evidence, the juvenile court was well within its discretion to order Father to participate in a drug treatment program.  Section 362, subdivision (a) provides that when a child is adjudicated a dependent of the juvenile court, "the court may make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child . . . ."  The court has broad discretion in fashioning dispositional orders in keeping with its duty to protect dependent children.  (*In re Christopher H.*, *supra*, 50 Cal.App.4th at pp. 1006–1008.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.